AO 91 (Rev. 11/82)

# CRIMINAL COMPLAINT

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>MARIO CAMACHO | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>**SA 18 - 471 M** |

Complaint for violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii)

| NAME OF MAGISTRATE JUDGE | UNITED STATES MAGISTRATE JUDGE | LOCATION<br>Orange County, California |
|---|---|---|

| DATE OF OFFENSE<br>July 23, 2018 | PLACE OF OFFENSE<br>Orange County | ADDRESS OF ACCUSED (IF KNOWN) |
|---|---|---|

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about July 23, 2018, in Orange County, in the Central District of California, defendant MARIO CAMACHO possessed methamphetamine with intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii).

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE: N/A

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>**FARSHID HASHEMPOUR** /S/<br>OFFICIAL TITLE<br>Federal Bureau of Investigation, Task Force Officer |
|---|---|

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE[(1)]<br>**EDWARD A. INFANTE** | DATE<br>9-7-18 |
|---|---|

[(1)] See Federal Rules of Criminal Procedure 3 and 54

AUSA Bradley Marrett x3505      REC: Detention

## A F F I D A V I T

I, Farshid Hashempour, being duly sworn, hereby declare and state as follows:

### I. INTRODUCTION

1. I am a Detective with the Santa Ana Police Department ("SAPD") and also a federally deputized Task Force Officer ("TFO") presently working with the Federal Bureau of Investigation ("FBI"). As a TFO with the FBI, I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to conduct investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516.

2. I am assigned to the Orange County Violent Gang Task Force ("OCVGTF"). The OCVGTF is composed of federal and local law enforcement agencies, including, but not limited to, the FBI, the Internal Revenue Service-Criminal Investigations, the Bureau of Alcohol, Tobacco, Firearms, and Explosives, the SAPD, and detectives from the Anaheim Police Department. The OCVGTF is responsible for, among other things, investigating violations of federal law committed by criminal street gangs, the Mexican Mafia, and other violent criminal organizations in Orange County. Prior to this assignment with the FBI, I was a SAPD Police Officer and have been so employed for approximately sixteen years.

3. I have specialized training and experience in investigations of narcotics trafficking and criminal street gangs. During my tenure as a Police Officer, as well as an FBI

1

TFO, I have conducted and participated in numerous investigations of criminal activity, specifically including narcotics trafficking and violent offenses committed by street gangs. Since joining the OCVGTF in 2010, I have specialized in investigations of the Mexican Mafia and its subordinate gangs in Orange County. As part of these investigations, I have also learned about the drug trafficking organizations that supply street gangs with illegal narcotics.

## II. PURPOSE OF AFFIDAVIT

4. This affidavit is made in support of a criminal complaint and arrest warrant against MARIO CAMACHO ("CAMACHO") for violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine.

5. The facts set forth in this affidavit are based upon information obtained from other law enforcement personnel, my personal knowledge, and my training and experience. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and warrant, and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## III. SUMMARY OF PROBABLE CAUSE

6. On July 23, 2018, a Santa Ana Police Department ("SAPD") Officer, while working in a patrol capacity, was near the southeast corner of the intersection of 17th Street and Penn

2

Way, in the city of Santa Ana, California. While waiting near the southwest corner of the intersection, the Officer observed a Black Honda violate a number of California Vehicle Code ("CVC") sections as it made a northbound turn into the Aqua Motel, located at 317 East 17th Street, Santa Ana, California, a location known for its high frequency of narcotic activity and weapons violations. Two SAPD Patrol Officers followed the Black Honda into the lot for further investigation. Once in the lot, they observed a male subject identified as Luis Alvarado exiting the passenger side of the Honda while CAMACHO exited from the driver's side. After detaining CAMACHO and Alvarado, one of the SAPD Officers conducted a visual inspection of the vehicle and observed a clear plastic bag containing a white crystalline substance resembling methamphetamine on the passenger seat.

7. A records check of Alvarado revealed that he had two outstanding bench warrants and was on probation at the time of the stop. During a subsequent search of the vehicle, Officers found a digital scale in the glove compartment and another clear plastic bag containing a white crystalline substance resembling methamphetamine in the center console. A black BB gun that closely resembled a firearm was also located in a black backpack in the trunk. CAMACHO was arrested and transported to the Santa Ana Jail where he was read his Miranda Rights, which CAMACHO acknowledged he understood. CAMACHO then told the Officer that he uses methamphetamine to help him work two jobs, which require him to work up to seventy (70) hours per week. CAMACHO also admitted to collecting money from approximately six (6) of his

co-workers for the purpose of purchasing methamphetamine with intent to distribute the purchased methamphetamine amongst his co-workers. CAMACHO said he was meeting with Alvarado on this evening to purchase a pound of methamphetamine, which he was going to pay for with the money found in his wallet by SAPD Officers on scene. CAMACHO stated that the clear plastic bag containing a white crystalline substance found on the passenger seat belonged to Alvarado, but that the clear plastic bag containing a white crystalline substance found in the center console of the Black Honda belonged to him. The bag located in the center console was later weighed and determined to be 315.3 gross grams.

## IV. STATEMENT OF PROBABLE CAUSE

8. I have reviewed the police reports prepared by SAPD Officer T. Stanaland and Officer J. Espadas regarding the July 23, 2018, arrest of CAMACHO. Based on my review of the reports, I have learned the following facts:

   a. On July 23, 2018, at approximately 11:00 p.m., Santa Ana Police Department ("SAPD") Officer T. Stanaland was working uniformed patrol in a marked patrol vehicle. He was located near the southwest corner of 17th Street and Penn Way, in the city of Santa Ana, California. Officer Stanaland could see the traffic signal was red for eastbound and westbound traffic on 17th Street. Officer Stanaland watched as an unknown female crossed northbound across the lanes of 17th Street. As the female walked to the area nearest the number one lane of westbound 17th Street, a black Honda ran the red light at the

intersection and thus failed to yield to the pedestrian in the crosswalk, in violation of California Vehicle Code ("CVC") sections 21453(a) and 21950(a), respectively. From his vantage point, Officer Stanaland could also see that the front windows on the Honda had tint, in violation of CVC section 26708. The Honda made a northbound turn into the Aqua Motel, located at 317 East 17th Street, Santa Ana, California; a location known for illegal narcotic use and sales, weapons violations, vehicle theft and criminal street gang activity.

        b.    SAPD Officer Alvaradejo and Officer Stanaland drove to the Aqua Motel and located the black Honda in the northern portion of the parking lot. The driver, later identified as CAMACHO, and the front passenger, Luis Alvarado, exited the vehicle. CAMACHO was by the driver's door and Alvarado was walking around the rear of the Honda when the Officers made contact and detained both men. In plain view, Officer Alvaradejo was able to see a clear plastic bag containing a white crystalline substance resembling methamphetamine on the front passenger seat of the vehicle.

        c.    Officer Espadas also arrived at the Aqua Motel to assist with the investigation. Officer Espadas conducted records checks for CAMACHO and Alvarado, and found that Alvarado had two no-bail warrants for his arrest. The records check also revealed that Alvarado was on probation.

        d.    During Officer Alvaradejo and Officer Stanaland's search of the Honda, Officer Alvaradejo located a small digital scale with crystalline residue in the glove box. Officer

Alvaradejo also found a plastic bag in the center console between the two front seats. This bag also contained a white crystalline substance consistent with methamphetamine. Inside a black backpack in the trunk of the vehicle, Officer Alvaradejo found a black BB gun, which appeared to be a firearm replica.

    e. Officer Stanaland also found two wallets containing credit cards belonging to CAMACHO. Inside the wallets, Officer Stanaland found $1,757 in US Currency in various denominations. The Honda was secured and left in the parking space at the motel. Officer Stanaland transported CAMACHO to the Santa Ana Jail where he read CAMACHO his Miranda Rights using his Department issue Officer's Index. CAMACHO acknowledged his rights and spoke to Officer Stanaland about the case.

    f. CAMACHO said he works two jobs and uses methamphetamine to get him through his 70-hour work weeks. CAMACHO, who has approximately six (6) co-workers who use methamphetamine, stated that he collects money from them to buy methamphetamine, which he then shares when he arrives at work. CAMACHO said he was driving to the Aqua Motel to pick up methamphetamine from Alvarado when he became distracted by the police lights on the southwest corner of 17th Street and Penn Way, which caused CAMACHO to run the red light at the intersection.

    g. When CAMACHO drove into the Aqua Motel, CAMACHO said Alvarado got into the passenger side of the vehicle. CAMACHO said he was meeting with Alvarado to buy a pound of

6

methamphetamine and mentioned that the plastic bag containing the white crystalline substance in the center console belonged to him. CAMACHO stated he had just received the bag from Alvarado and was going to pay him with the cash in his wallet. When asked by Officer Stanaland, if the digital scale that was found was used to weigh out smaller quantities to be sold or furnished to his co-workers, CAMACHO replied, "yes." CAMACHO stated the baggie located in plain view on the passenger seat belonged to Alvarado. The bag found in plain view on the passenger seat weighed approximately 15.2 gross grams. The clear plastic bag containing the white crystalline substance in the center console weighed approximately 315.3 gross grams.

//
//
//

## V. CONCLUSION

9. For all the reasons described above, there is probable cause to believe that CAMACHO has committed violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine.

/S/

FARSHID HASHEMPOUR
Task Force Officer, FBI
Detective, SAPD

Subscribed to and sworn before me this 7 day of September 2018.

**EDWARD A. INFANTE**

HONORABLE ~~AUTUMN D. SPAETH~~   **EDWARD A. INFANTE**
UNITED STATES MAGISTRATE JUDGE

8